BARLEY

*v.*

BARLEY.

*(Supreme Court of Appeals of Virginia, Oct. 11, 1877.)*

**Landlord and Tenant—Evidence to Prove  True  Owner  Admissible.**

In an action on a bond given  for the  lease  of certain  premises, evidence to prove  who  is  in  fact  the  true  owner  of the land is admissible.

Appeal from circuit court of Rockingham county.

This was an action of debt on bond for rent by Jacob Barley, appellant, against Samuel Barley, appellee.

On 2nd day of November, 1870, Jacob Barley, the father of Wm. Barley, and Samuel Barley, sold his farm to Wm. Barley, who immediately advertised the same for rent, and on the 25th day of November, 1870, Samuel Barley became the lessee at a public renting, at $530.00 a year for three years, with certain reservations in the lease in favor of the said Jacob Barley.   For which rent Samuel Barley was to give three bonds for $530.00 each with good security.   He accordingly executed the bonds with security, which security was objected to by Wm. Barley.   Samuel Barley accordingly executed other bonds, after Wm. Barley had returned to his home in Alexandria, payable to his father, Jacob Barley, which bonds were assigned to Wm. Barley later.   In an action by Jacob Barley, for the use of A. M. Long, who was Wm. Barley's assignee, against Samuel Barley for the rent the latter filed certain pleas of set-off alleging eviction

by Jacob Barley whom he claimed was his lessor.    The evidence, offered to prove that Wm. Barley, instead of Jacob Barley, was the owner of the land and the lessor of Samuel Barley, was excluded by the lower court.

*G.  W. Berlin*, for appellant.

*O'Ferrall & Patterson*, for appellee.

CHRISTIAN, J., delivered the opinion of the court.

The court is of opinion that the circuit court erred in excluding from the jury the evidence offered by the plaintiff tending to show that Wm. H. Barley and not Jacob Barley was the owner of the land, for the rent of which the bond sued on was executed, and that the said Wm. H. Barley was in fact the lessor of the obligor Samuel Barley.    Under the defense *of eviction* set up by the defendant, the evidence offered was proper evidence to go to the jury.    If it be true, as was offered to be proved by the plaintiff, that Wm. H. Barley and not Jacob Barley was the owner of the land at the time of the contract of lease, and that said contract of lease was in fact made by Samuel Barley with Wm. H. Barley, and that the bonds for the yearly rent were at first executed and delivered to Wm. H. Barley and were not accepted by him only because he objected to the sufficiency of the security, and that afterwards the bonds were delivered in the absence of Wm. H. Barley to Jacob Barley and assigned by him to Wm. H. Barley—if all these facts had been proved, then it would be a manifest and palpable fraud upon the rights of Wm. H. Barley to permit Samuel Barley to treat Jacob Barley as his landlord when in fact he was the lessee of Wm. H. Barley and to prevent him from relying upon proof of acts on the part of Jacob Barley as acts constituting eviction, with which Wm. H. Barley is in no view connected and for which he is in no way responsible.

The court is therefore of opinion without passing upon any other question in the case, and it is therefore adjudged and decreed that for this error of the said circuit court in excluding the evidence offered by the plaintiff tending to prove the aforesaid facts, that the judgment of the said circuit court be reversed and annulled, that the verdict be set aside and a new trial awarded, and that upon such new trial the same or similar evidence, if offered by the plaintiff, shall be permitted to go to the jury.    And it is further adjudged and ordered that the plaintiff in error recover against the defendant in error, Samuel Barley, his costs by him expended in the prosecution of his writ of error and supersedeas here. All of which is ordered to be certified to the said circuit court of Rockingham county.